## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **HILDA L. SOLIS,** *Secretary of Labor, United States Department of Labor*, | Civ. No. 2:12-cv-00805 (WJM) |
| **Plaintiff,** | **OPINION** |
| **v.** | |
| **WINER INDUSTRIES 401(K) PROFIT SHARING PLAN,** | |
| **Defendant.** | |

**WILLIAM J. MARTINI, U.S.D.J.:**

Plaintiff Hilda L. Solis, Secretary of Labor for the United States Department of Transportation (the "Secretary"), brings this action to have an independent fiduciary appointed for Defendant, Winer Industries 401(k) Profit Sharing Plan (the "Plan"). This matter comes before the Court on Plaintiff's motion for default judgment. There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, Plaintiff's motion for a default judgment appointing an independent fiduciary to the Plan is **GRANTED**.

### I.      BACKGROUND

The Secretary of Labor has authority under Title I of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA"), to investigate and enforce possible violations of ERISA with respect to employee pension benefit plans. The Secretary conducts such investigations through investigators at the Employee Benefit Security Administration ("EBSA"). According to EBSA's investigation, the Plan was established on or about January 1, 1984. The Plan's sponsor was Winer Industries, Inc. (the "Company"). The Company entered involuntary Chapter 7 bankruptcy proceedings in 2001. The bankruptcy case was closed on September 21, 2006.

Robert S. Winer, Irwin B. Winer, and Brij M. Mehra were the Plan trustees. Robert Winer passed away in 2003 and Irwin Winer passed away in 2009. Brij Mehra is still living but retired from his position as trustee of the Plan years before the death of Irwin Winer in 2009. The Plan currently exists without an active named fiduciary that is able to direct the Plan's affairs, conserve its assets, and distribute them to the participants

in compliance with applicable laws.  As of June 8, 2010, the Plan had thirty-three participants and $85,604.76 in total assets being held by Nationwide Life Insurance Company, the Plan's asset custodian.

On February 10, 2012, the Secretary brought suit against the Plan seeking the appointment of an independent fiduciary to distribute the remaining assets to Plan participants and beneficiaries.  Plaintiff properly effected service upon the Plan by serving a copy of the summons and complaint on the New Jersey Department of the Treasury ("NJDOT") as the designated agent for Winer Industries Inc., the Plan's Sponsor.  *See* Fed. R. Civ. P. 4(e); N.J.S.A. § 2A:15-30.1; 29 U.S.C. § 1132(d)(1).  By letter dated May 29, 2012, the NJDOT indicated that process had been accepted by the Treasurer.  The deadline for the Plan to answer the complaint or otherwise appear in this action was June 19, 2012.  *See* ECF No. 4.  The Plan did not answer or appear in this matter, and on July 2, 2012, the Clerk of Court entered the Plan's default.  The Secretary now moves for a default judgment seeking the appointment of an independent fiduciary to wind down the affairs of the Plan and cause the distribution of the Plan's funds in a manner consistent with federal law.

## II.    DISCUSSION

Federal courts have the authority to appoint independent fiduciaries to administer ERISA plans.  *See Delgrosso v. Spang & Co.*, 769 F.2d 928, 939 (3d Cir. 1985) (directing district court to "appoint an independent administrator of [an ERISA] Plan"); *see also* Restatement (Second) of Trusts § 108, at 238 (1959) ("If a trust is created and there is no trustee or if the trustee, or one of several trustees, ceases for any reason to be trustee, a new trustee can be appointed . . . by a proper court").

In this case, there is no fiduciary or trustee actively administering the Plan as required by Sections 402 and 403 of ERISA, and there are Plan assets that need to be distributed for the benefit of the Plan participants.  As such, Court appointment is warranted.  The Secretary proposes that this Court appoint M. Larry Lefoldt, CPA.  The Court has reviewed Mr. Lefoldt's qualifications, and finds him to be fully qualified to act as the independent fiduciary to the Plan.

## III.    CONCLUSION

For the reasons stated above, Plaintiff's motion for a default judgment appointing an independent fiduciary to the Plan is **GRANTED**.  An appropriate order follows.

　　　　　　　　　　　/s/ William J. Martini
　　　　　　　　　　　**WILLIAM J. MARTINI, U.S.D.J.**

**Date: October 11, 2012**

2