SOL: AMK
10 (00746)

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW JERSEY

---

HILDA L. SOLIS, Secretary of Labor,
United States Department of Labor

           Plaintiff,

  v.

WINER INDUSTRIES 401(K) PROFIT
SHARING PLAN,

           Defendant.

---

Civil No.: 2:12 CV 805 (WJM) (MF)

ORDER AND JUDGMENT

**WHEREAS,** this action was filed by the Secretary of Labor ("Secretary") pursuant to Title I of the Employee Retirement Income Security Act of 1971 ("ERISA" or the "Act"), 29 U.S.C. § 1001, et seq., and by the authority vested in the Secretary by ERISA Section 502(a)(5), 29 U.S.C. § 1132(a)(5) alleging that Winer Industries 401(K) Profit Sharing Plan ("the Plan") was in violation of ERISA Sections 402 and 403, 29 U.S.C. §§ 1102 and 1103; and

    I.    The Plan was and is an employee benefit plan within the meaning of ERISA § 3(3), 29 U.S.C. § 1002(3), and was established to provide benefits to employees of the plan sponsor, Winer Industries Inc., who were covered by a plan subject to Title I of ERISA; and

    II.    This Court has subject matter jurisdiction over this action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1); venue of this action lies in the District of New Jersey pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2); this Court has personal jurisdiction over the Plan for all purposes relevant to this matter including the entry of this Order pursuant to ERISA Section 502(d)(1), 29 U.S.C. § 1132(d)(1); and at times relevant to this action, the Plan was a defined contribution pension plan qualifying as an employee benefit plan within the meaning of

ERISA § 3(3), and 29 U.S.C. § 1002(3); and

    III.    The Secretary has duly made service on the Plan; and

    IV.    The Plan and its authorized representatives have not answered or otherwise appeared in this matter; and

    V.    The Secretary now applies for entry of an Order in this matter, and no answer being made in this matter, and no opposition to the application being filed;

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:**

1. The *status quo* of the Plan shall be maintained pending an orderly transfer to the Independent Fiduciary.

2. The Court hereby appoints **Larry Lefoldt** as the Independent Fiduciary of the Plan with authority to administer the Plan and, if necessary, implement its orderly termination. In performing his or her duties, the Independent Fiduciary shall have and exercise full authority and control with respect to the management or disposition of the assets of the Plan. The Independent Fiduciary shall collect, marshal, and administer all of the Plan's assets, evaluate all claims outstanding against it, and pay the assets out to participants and other creditors of the Plan; and take such further actions with respect to the Plan as may be appropriate.

3. The Independent Fiduciary shall have all the powers to do the things that are necessary and appropriate to administer and terminate the Plan.

4. The Independent Fiduciary shall develop a plan for equitable adjudication and payment of outstanding participant claims for benefits. In developing this plan, the Independent Fiduciary shall consider the best interests of participants and beneficiaries of the Plan, and the resources expected to be available to the Plan. The Independent Fiduciary shall not be bound by any current or historic procedures or policies of the Plan which conflict with his or her duties

under ERISA.

5. The Independent Fiduciary is empowered to require all custodians or record keepers of the Plan to deliver or otherwise make available to the Independent Fiduciary any information, documents, files or other compilations, wherever and however stored; that are reasonably necessary to perform the duties of Independent Fiduciary under this Order.

6. The Independent Fiduciary is empowered to give instructions to asset custodians respecting the disposition of assets of the Plan held by them.

7. The Independent Fiduciary shall distribute or cause the distribution of the assets of the Plan in accordance with applicable Plan documents and Federal law.

8. Upon completing such distribution, the Independent Fiduciary shall consider whether termination of the Plan in accordance with applicable plan documents, ERISA (29 U.S.C. § 1001 et seq.), and other applicable Federal law is appropriate.

9. The Independent Fiduciary shall be subject to the orders of this Court. Within twenty days after the date of this Order, the Independent Fiduciary shall submit to this Court for approval his or her schedule of anticipated fees and expenses for this matter with copies of his or her submissions to be sent to all parties to this matter. The parties will have five days from receipt to comment on the proposed fee schedule. Upon approval of the fee schedule by the Court, monthly billings will be filed with the Court with copies to the parties. Copies of the monthly billings will be sent to the Secretary at the following address:

> U.S. Department of Labor
> Employee Benefits Security Administration
> New York Regional Office
> 33 Whitehall Street, 12th Floor
> New York, New York 10004
> Attn: Regional Director

If no party or the Court objects, payment may be made 15 days after notice to the parties is

given. If any party or the Court objects to any payment, the matter will be resolved by the Court prior to payment.

10. In the performance of his or her duties, the Independent Fiduciary may retain such assistance as he or she may reasonably require, including attorneys, accountants, actuaries and other service providers.

11. The payment of administrative expenses and fees to the Independent Fiduciary, his or her assistants, attorneys, accountants, actuaries and other necessary service providers shall be considered priority administrative expenses of the Plan superior to any other class of expense or obligation. The Independent Fiduciary's second priority shall be the payment of legitimate claims on the Plan by its participants and beneficiaries.

12. The Independent Fiduciary shall not be held personally responsible for any claims against the Plan or which existed, arose, mature or vested prior to the appointment of the Independent Fiduciary.

13. Upon approval by this Court of the Independent Fiduciary's anticipated fees and expenses, this matter shall be deemed closed. However, the Independent Fiduciary may apply to the Court for clarification of this Order or enforcement of this Order's terms.

14. The Independent Fiduciary shall determine whether it is appropriate to obtain a bond pursuant to ERISA § 412, 29 U.S.C. § 1112, and then obtain a bond consistent with the requirements of ERISA and the regulations issued thereunder. Since the beneficiary of the bond is the Plan, the Plan may pay for the cost of the bond. This provision may be satisfied by the Independent Fiduciary securing coverage for himself or herself under any bond currently in force with respect to the Plan, provided that the bond satisfies the provisions of the Act.

15. Nothing in the foregoing Order shall be construed in derogation of the Court's

authority over the Independent Fiduciary's actions.

DATED: 10/11, 2012
Newark, New Jersey

IT IS SO ORDERED:

_____
JUDGE WILLIAM J. MARTINI
UNITED STATES DISTRICT JUDGE